The Honorable John H. Chun

**FILED (DROP BOX)**

**JUL 2 8 2025**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| SEATTLE CHILDREN'S HOSPITAL,<br><br>*Movant*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>*Respondent*. | Case No. 2:25-MC-00041-JHC *SEALED*<br><br>REPLY IN SUPPORT OF MOTION TO SET ASIDE OR MODIFY SUBPOENA<br><br>ORAL ARGUMENT AND EVIDENTIARY HEARING REQUESTED<br><br>UNDER SEAL |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

REPLY IN SUPPORT
MOT. SET ASIDE OR MODIFY
CASE NO. 2:25-MC-00041-JHC *SEALED*

**CORR CRONIN LLP**
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

1   DOJ's opposition and its public statements since Seattle Children's filed its Motion

2   confirm that DOJ's subpoena for thousands of minors' medical records and Hospital personnel

3   files lacks any legitimate investigative purpose. The opposition proclaims (without legal support

4   or acknowledgement of the Tenth Amendment) that the federal government "is obviously

5   permitted" to pursue the "policy goal" of "ban[ning] gender-related pharmaceutical and surgical

6   care for minors in its entirety" (at 7). And the government, in the past three weeks, has both touted

7   its issuance of subpoenas to twenty providers of gender-affirming care, Ex. 23, and publicly

8   congratulated itself for limiting such care, Ex. 28.[1] DOJ's opposition, however, makes virtually

9   no attempt to explain how its dragnet request for minor patients' records and Hospital personnel

10  files is reasonably related to a legitimate investigation, as required by *United States v. Powell*, 379

11  U.S. 48, 57-58 (1964).

12      Indeed, contrary to well-established practice in litigation involving administrative

13  subpoenas, DOJ did not even submit an affidavit attempting to defend the subpoena's requests. It

14  has plainly failed to carry its burden. The only evidence DOJ submitted, the Hsiao Declaration,

15  confirms the subpoena's invalidity. The declaration states that the Civil Division AAG is

16  authorized to issue subpoenas to investigate violations of the Federal Food, Drug, and Cosmetic

17  Act (FDCA) by pharmaceutical manufacturers and distributors. Hsiao Decl. ¶ 5. But DOJ does

18  not, and cannot, explain how its staggeringly intrusive requests for patient records and personnel

19  files have any relevance to potential FDCA violations. And while DOJ suggests (at 8) it is also

20  investigating other potential criminal offenses, it identifies no authority for the Civil Division AAG

21  to issue subpoenas to investigate such offenses.

22      The Court should set aside the subpoena.

23      1.   ***The Court must consider DOJ's improper purpose.*** DOJ does not dispute that it

24  has no evidence of wrongdoing by Seattle Children's and that it launched this "investigation"

25  

---

26  [1] Exhibits 23-28 are attached to the Declaration of Christopher N. Manning, Esq., filed on July 25, 2025.

27  

REPLY IN SUPPORT
MOT. SET ASIDE OR MODIFY                          1
CASE NO. 2:25-MC-00041-JHC *SEALED*

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

1   because of EO 14187 and the Bondi Memo. Indeed, DOJ embraces that its purpose is to end

2   gender-affirming care for minors. *See, e.g.*, Opp. 6-7. But even if the federal government had

3   authority to end such care, using an investigative subpoena to achieve this collateral goal is an

4   abuse of authority under *Powell*. *See, e.g.*, *In re Subpoena Duces Tecum*, 228 F.3d 341, 350 (4th

5   Cir. 2000) (cited by DOJ) ("A § 3486 subpoena must be issued in connection with an investigation

6   of a federal healthcare offense and is limited to … [materials] that may be relevant to that

7   investigation.").

8       DOJ's claim (at 4-5) that the Court cannot consider the subpoena's purpose all but ignores

9   *Powell*, which DOJ cites only in passing (at 2). DOJ disregards *Powell*'s instruction that

10  investigations must "be conducted pursuant to a legitimate purpose." 379 U.S. at 57-58. Instead,

11  DOJ (at 2-3, 5, 9-10) simply invokes its statutory authorization to issue subpoenas. But the IRS

12  in *Powell* likewise had statutory authority to issue summonses. *Id.* at 49. *Powell* nonetheless made

13  clear that courts must examine "the underlying reasons for the examination." *Id.* at 58. And the

14  Fourth Amendment, which DOJ ignores, requires that administrative subpoenas meet

15  reasonableness requirements. *See See v. City of Seattle*, 387 U.S. 541, 544-45 (1967) (collecting

16  cases).

17      Seattle Children's argument is not premised on the fact that the subpoena involves a

18  politically "controversial topic," as DOJ claims (at 1, 3, 7). Nor does Seattle Children's contend,

19  as DOJ argues (at 6-7), that DOJ could never investigate gender-affirming care because the

20  Hospital believes such care is proper. The Hospital's argument is that on *this* record, *this* subpoena

21  fails the seminal *Powell* test because it was not issued for a proper purpose.

22      The cases DOJ cites for its assertion (at 4) that courts cannot consider improper purpose

23  hold the opposite. According to *United States v. Whispering Oaks Residential Care Facility*, the

24  government must meet "the Fourth Amendment's general reasonableness standard," which

25  includes showing the subpoena issued "for a lawful purpose." 673 F.3d 813, 817 (8th Cir. 2012)

26  (quotation omitted); *see also id.* at 819 (citing *Powell* for proposition that subpoena recipient may

27  show "improper purpose"). Likewise, *Solis v. Forever 21, Inc.* explained that an "administrative

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

1  agency" must "demonstrate[] that ... the investigation is conducted pursuant to a lawfully

2  authorized legitimate purpose." 2013 WL 1319769, at *2 (C.D. Cal. Mar. 7, 2013).

3    The government bears the burden to demonstrate a proper purpose by affidavit, as DOJ's

4  cases recognize. *See id.* at *2 (government can meet prima facie burden to show proper purpose

5  by "affidavit from a government official" (quoting *FDIC v. Garner*, 126 F.3d 1138, 1143 (9th Cir.

6  1997))); *United States v. Kis*, 658 F.2d 526, 536-37 (7th Cir. 1981) ("The Government ordinarily

7  proves [the *Powell* standard] by affidavits of the agents involved in the investigation."). DOJ made

8  no attempt to do so here. The Hsiao Declaration primarily addresses AAG Shumate's *general*

9  authority to issue § 3486 subpoenas and devotes a single conclusory sentence to *this* subpoena,

10 asserting that AAG Shumate issued the subpoena in connection with a "valid investigation," but

11 offering no evidence of what the investigation is or how the subpoena relates to it. Hsiao Decl.

12 ¶ 6. That does not suffice.[2]

13   Because the government has not shown a proper purpose, the burden has not shifted to the

14 Hospital to show an improper purpose. But even if it has, DOJ's cases are plainly distinguishable.

15 In *Whispering Oaks*, unlike here, there was "no credible evidence on the record" of an improper

16 purpose. 673 F.3d at 818-19. And, unlike here, the subpoena recipient in *Solis* provided only a

17 "bare assertion" of improper purpose, "offer[ing] only its subjective views." 2013 WL 1319769,

18 at *6. Likewise, in *ICE v. Gomez*, there was "no improper purpose evident on [the] record." 445

19 F. Supp. 3d 1213, 1216 (D. Colo. 2020). Here, the Hospital has submitted extensive evidence of

20 the government's actual—and improper—purpose: to pressure Seattle Children's into ending

21 medical treatments protected by Washington law. Exs. 2-9, 27-28. DOJ's "conclusory affidavit"

22 cannot overcome the evidentiary record. *United States v. Gertner*, 65 F.3d 963, 968 (1st Cir.

23 1995).

24   DOJ claims (at 5) it can justify a § 3486 subpoena after the fact if "the subpoena uncovers

25 violations of federal law in the delivery of gender-related care to minors." But this ignores the

26 

27 [2] By contrast, the declarations in *Solis* detailed the investigation, and the government's petition explained the relevance of the specific requests. ECF 1, No. 2:12-cv-9188 (C.D. Cal.).

REPLY IN SUPPORT
MOT. SET ASIDE OR MODIFY            3
CASE NO. 2:25-MC-00041-JHC *SEALED*

**CORR CRONIN LLP**
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

1  Fourth Amendment's front-end protections. DOJ must demonstrate "a realistic expectation" and

2  not simply "an idle hope that something may be discovered." *United States v. Goldman*, 637 F.2d

3  664, 667 (9th Cir. 1980) (quotation omitted).

4          2.     ***The Civil Division lacks authority to issue the subpoena.*** The opposition also fails

5  to show that AAG Shumate had authority to issue the subpoena. *See* Mot. 12. Section 3486

6  authorizes the Attorney General to issue subpoenas in investigations of "federal healthcare

7  offense[s]," which 18 U.S.C. § 24(a) defines as including violations of the FDCA and various other

8  statutes. The Hsiao Declaration (at ¶ 5) identifies only a *partial* delegation of this authority to the

9  Civil Division AAG: to investigate "violations of the FDCA that relate to a health care benefit

10 program." DOJ does not identify any delegation authorizing the Civil Division AAG to issue

11 subpoenas to investigate the *other* federal healthcare offenses listed in 18 U.S.C. § 24.

12         This partial delegation likely explains why DOJ equivocates in describing what it is

13 supposedly investigating. In places, DOJ purports (at 1, 3, 6) to be investigating whether off-label

14 promotion and/or unlawful dispensing of puberty blockers and hormones by manufacturers or

15 distributors violates the FDCA.[3] But most of the subpoena's requests do not remotely relate to

16 potential FDCA violations. Only Requests 7-10 and 14 reference pharmaceutical manufacturers

17 or distributors. The remaining requests (Requests 1-6, 11-13, 15) seek a broad range of highly

18 sensitive information, including about Hospital patients and workforce members.

19         DOJ does not, and cannot, argue that the Hospital's mere use of prescription drugs for off-

20 label purposes would violate the FDCA. As DOJ admits (at 8), "the FDCA does not generally

21 regulate the practice of medicine." "Once FDA-approved, prescription drugs can be prescribed by

22 doctors for … unapproved uses." *United States v. Caronia*, 703 F.3d 149, 153 (2d Cir. 2012). The

23 "'off-label' usage of medical devices … is an accepted and necessary corollary of the FDA's

24 mission to regulate in this area without directly interfering with the practice of medicine."

25 *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 350 (2001); *Carson v. Depuy Spine, Inc.*,

26 ───────────────────

27 [3] Manufacturers' and distributors' off-label promotion constitutes speech protected by the First
Amendment. *United States v. Caronia*, 703 F.3d 149, 161-62 (2d Cir. 2012).

REPLY IN SUPPORT
MOT. SET ASIDE OR MODIFY                    4
CASE NO. 2:25-MC-00041-JHC *SEALED*

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

1  365 F. App'x 812, 815 (9th Cir. 2010) ("[O]ff-label use by medical professionals is not merely

2  legitimate but important to the practice of medicine.").

3          Elsewhere, DOJ alludes (at 7-8) to investigations of potential false statements and fraud

4  under 18 U.S.C. §§ 1035 and 1347. But DOJ identifies no delegation to the Civil Division AAG

5  to issue subpoenas to investigate violations of these criminal statutes. Nor has DOJ identified any

6  authority to issue § 3486 subpoenas to investigate the "efficacy and ethics" of gender-affirming

7  care, "trends" in medical care, or anything in Justice Thomas's concurrence in *Skrmetti*. Opp. 7-

8  8. The subpoena should thus be set aside.

9          3.      ***DOJ cannot justify trampling privacy interests.*** The subpoena would effect a

10  massive invasion of privacy of the Hospital's minor patients and their families and the Hospital's

11  workforce. The opposition does not address or defend DOJ's request for thousands of Hospital

12  personnel files (Request 1). And although DOJ attempts to minimize the privacy implications of

13  requesting sensitive medical records of thousands of minors, it never explains how Requests 2-5,

14  11-13, and 15 are reasonably relevant to its supposed FDCA investigation. Thus, even if part of

15  the subpoena could be enforced, Requests 1-5, 11-13, and 15 would be properly set aside. In

16  offering to "negotiate" (at 11) about the Hospital's "concerns," the government implicitly concedes

17  their legitimacy.

18          Even if DOJ had articulated a theory of relevance, the substantial privacy implications

19  would warrant setting aside the subpoena.[4] DOJ cites (at 10-11) HIPAA and contends that the

20  Hospital's "multi-factor test for the Government to obtain medical records via a subpoena is simply

21  inapplicable to this statute." DOJ ignores, however, that this test stems from the Constitution. *See*

22  *Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 551-54 (9th Cir. 2004) (recognizing

23  "constitutionally protected interest in avoiding 'disclosure of personal matters,' including medical

24  _____

25  [4] DOJ claims the Seventh Circuit acknowledged that § 3486 would authorize production of patient records related to controversial medical procedures, but the court stated only that § 3486 prevails

26  over conflicting *state* privileges. *Nw. Mem. Hosp. v. Ashcroft*, 362 F.3d 923, 925 (7th Cir. 2004). It said nothing about whether a hypothetical § 3486 subpoena for such records would satisfy

27  *Powell* or the Fourth Amendment.

REPLY IN SUPPORT
MOT. SET ASIDE OR MODIFY
CASE NO. 2:25-MC-00041-JHC *SEALED*

5

**CORR CRONIN LLP**
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

1  information" (citation omitted)); *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577

2  (3d Cir. 1980) (similar).

3      Sure, the court in *In re Subpoena Duces Tecum* (cited at Opp. 10-11) found the

4  government's investigative interests *in that case* sufficiently compelling to outweigh patients'

5  privacy rights, 228 F.3d at 351, but DOJ has made no such showing here. And the "privacy

6  protection[s]" that DOJ invokes (at 11) are likewise insufficient. As the Hospital explained in its

7  Motion (at 11), which DOJ ignores, § 3486 does not prohibit DOJ from using or disclosing (say,

8  to state attorneys general) "health information about an individual" to target individuals *because*

9  they received gender-affirming care. While DOJ claims it is required to return records if the

10  investigation does not ripen into an enforcement action, that obligation applies only to produced

11  original records, not copies. 18 U.S.C. § 3486(a)(8).

12      4.      ***DOJ misstates the standard for an evidentiary hearing.*** Given DOJ's utter failure

13  to justify its subpoena, the Court should set it aside without a hearing. But DOJ (at 5 n.3) also

14  misstates the standard for a hearing. DOJ ignores *United States v. Clarke*, 573 U.S. 248, 254

15  (2014), which the Hospital cited and which entitles a subpoena recipient to an evidentiary hearing

16  if it raises a "plausible inference of improper motive." DOJ similarly ignores the relevant Ninth

17  Circuit authority cited in the Motion (at 7).

18      5.      ***DOJ's requested relief is procedurally improper.*** DOJ asks the Court (at 12) to

19  compel the Hospital to comply with the subpoena in full, but it did not cross-move to compel

20  enforcement, nor has it provided a proper basis to enforce the subpoena.

## CONCLUSION

21

22      The Hospital respectfully asks the Court to set aside the subpoena.

23

24

25

26

27

REPLY IN SUPPORT
MOT. SET ASIDE OR MODIFY                    6
CASE NO. 2:25-MC-00041-JHC *SEALED*

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

1    RESPECTFULLY SUBMITTED this 28th day of July 2025. I certify that this

2  memorandum contains 2,098 words, in compliance with Local Civil Rules.

                                             CORR CRONIN LLP
3

4

5                                           By: _____
                                             Jeffrey Coopersmith
6                                            Steven Fogg
                                             1015 Second Avenue, Floor 10
7                                            Seattle, Washington 98104
                                             Tel.: (206) 625-8600
8                                            Fax: (206) 625-0900
                                             jcoopersmith@corrcronin.com
9                                            sfogg@corrcronin.com

10
                                             David M. Zinn*
11                                           Christopher N. Manning*
                                             Jennifer G. Wicht*
12                                           Amy M. Saharia*
                                             Patrick C. Hynds*
13                                           Dana B. Kinel*
                                             **WILLIAMS & CONNOLLY LLP**
14                                           680 Maine Avenue, S.W.
                                             Washington, D.C. 20024
15                                           Tel.: (202) 434-5000
                                             Fax: (202) 434-5029
16                                           dzinn@wc.com
                                             cmanning@wc.com
17                                           jwicht@wc.com
                                             asaharia@wc.com
18                                           phynds@wc.com
                                             dkinel@wc.com
19

20

21                                           *admitted pro hac vice

22                                           *Attorneys for Movant Seattle Children's
                                             Hospital*
23

24

25

26

27

REPLY IN SUPPORT
MOT. SET ASIDE OR MODIFY                    7
CASE NO. 2:25-MC-00041-JHC *SEALED*

**CORR CRONIN LLP**
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(d) and Local Civil Rule 5, I hereby certify that on this 28th day of July 2025, the foregoing was served via electronic mail on the following individuals, who have consented to electronic service:

**Patrick R. Runkle**
**Ross Goldstein**
**Francisco Unger**
Jordan C. Campbell
**Scott Dahlquist**
Consumer Protection Branch
United States Department of Justice
Civil Division
950 Pennsylvania Ave. NW
Washington, DC 20530
Patrick.R.Runkle@usdoj.gov
Ross.Goldstein@usdoj.gov
Francisco.L.Unger@usdoj.gov
Jordan.C.Campbell@usdoj.gov
Scott.B.Dahlquist@usdoj.gov


Dated: July 28, 2025

Steven Fogg

REPLY IN SUPPORT
MOT. SET ASIDE OR MODIFY
CASE NO. 2:25-MC-00041-JHC *SEALED*

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600



**UNITED STATES DISTRICT COURT**
Western District of Washington
Office of the Clerk
700 Stewart Street, Suite 2310
Seattle, Washington 98101
(206) 370-8400

**Ravi Subramanian**
District Court Executive
Clerk of Court

**Eric Smits**
Chief Deputy Clerk

# UNITED STATES DISTRICT COURT
## TRANSACTION FORM

Date: **7/28/2025**

Your Name: **MEGAN JOHNSTON**

Case# (if known): **2:25-mc-00041-JHC *SEALED***

Email Address: **mjohnston@corrcronin.com**

Phone#: **206-625-4600**

Address: *(optional)* _____

## Reason for Transaction:

☐ **Working copies** for court

☐ Documents to open a **NEW** case

☐ Documents for a **PENDING** case

☐ **Payment** for restitution, filing fees, etc.
   *\*\*The court accepts money orders; personal checks and cashier checks, made out to:
   "Clerk, U.S. District Court." \*\*NO CASH\*\**

☒ **Other:** _____
   **FILING UNDER SEAL**
   _____
   _____