FILED ___ ENTERED
___ LODGED ___ RECEIVED

OCT 16 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

The Honorable John H. Chun

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| IN RE SUBPOENA DUCES TECUM NO. 25-1431-016 | Case No. 2:25-MC-00041-JHC *SEALED* <br><br> SEATTLE CHILDREN'S HOSPITAL'S OPPOSITION TO THE GOVERNMENT'S MOTION TO ALTER OR AMEND THE JUDGMENT <br><br> FILED UNDER SEAL |

OPP. MOT. ALTER OR AMEND JUDGMENT
CASE NO. 2:25-MC-00041-JHC *SEALED*

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

## TABLE OF CONTENTS

INTRODUCTION ...........................................................................................................1

LEGAL STANDARD....................................................................................................1

ARGUMENT..................................................................................................................2

I.   DOJ IDENTIFIES NO CHANGE IN LAW OR NEW FACTS............................2

II.  THERE WAS NO MANIFEST ERROR OF LAW ...............................................5

III. THERE WAS NO MANIFEST ERROR OF FACT ..............................................9

CONCLUSION.............................................................................................................12

OPP. MOT. ALTER OR AMEND JUDGMENT                i
CASE NO. 2:25-MC-00041-JHC *SEALED*

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

# TABLE OF AUTHORITIES

## CASES

*Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001) ..................................................4

*Carson v. Depuy Spine, Inc.*, 365 F. App'x 812 (9th Cir. 2010) ..........................................................5

*Consumer Financial Protection Bureau v. Accrediting Council for Independent Colleges & Schools*, 854 F.3d 683 (D.C. Cir. 2017) ..........................................................5

*Equal Employment Opportunity Commission v. Children's Hospital Medical Center of Northern California*, 719 F.2d 1426 (9th Cir. 1983) (en banc) ..........................................................1

*Equal Employment Opportunity Commission v. Federal Express Corp.*, 558 F.3d 842 (9th Cir. 2009) ..........................................................6

*Environmental Protection Agency v. Alyeska Pipeline Service Co.*, 836 F.2d 443 (9th Cir. 1988) ..........................................................7

*Federal Deposit Insurance Corporation v. Garner*, 126 F.3d 1138 (9th Cir. 1997) ..................3, 9

*Federal Trade Commission v. American Tobacco Co.*, 264 U.S. 298 (1924) ........................................8

*Federal Trade Commission v. Gallo*, Civ. No. 653-73, 1973 WL 873 (D.D.C. Oct. 9, 1973) ..........................................................9

*Garrott v. Andrewjeski*, No. CV-10-391-LRS, 2012 WL 3643806 (E.D. Wash. Aug. 23, 2012) ..........................................................10

*Hiken v. Department of Defense*, 836 F.3d 1037 (9th Cir. 2016) ..........................................................1

*In re 2025 UPMC Subpoena*, No. 2:25-mc-01069-CB, ECF No. 27-1 (W.D. Pa. Oct. 2, 2025) ..........................................................4

*In re Administrative Subpoena No. 25-1431-019*, No. 1:25-mc-91324-MJJ, ECF 35 (D. Mass. Oct. 7, 2025) ..........................................................2

*In re Administrative Subpoena No. 25-1431-019*, No. 1:25-mc-91324-MJJ, 2025 WL 2607784 (D. Mass. Sept. 9, 2025) ..........................................................1, 2, 6, 10, 11

*In re Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, 286 F. Supp. 3d 1 (D.D.C. 2017) ..........................................................2

OPP. MOT. ALTER OR AMEND JUDGMENT　　　　ii
CASE NO. 2:25-MC-00041-JHC *SEALED*

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

| | |
|---|---|
| *In re Sealed Case (Administrative Subpoena)*, 42 F.3d 1412 (D.C. Cir. 1994) | 8 |
| *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877 (9th Cir. 2000) | 2 |
| *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873 (9th Cir. 2009) | 3 |
| *McCarthy v. Amazon.com, Inc.*, 2023 WL 5509258 (W.D. Wash. Aug. 25, 2023) | 2, 9 |
| *McDowell v. Calderon*, 197 F.3d 1253 (9th Cir. 1999) | 1, 11 |
| *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186 (1946) | 1, 7 |
| *Penelow v. Janssen Products, L.P.*, No. 25-1818, ECF 56 (3d Cir. Aug. 27, 2025) | 5 |
| *Peters v. United States*, 853 F.2d 692 (9th Cir. 1988) | 7, 8 |
| *Security National Insurance Co. v. Construction Associates of Spokane, Inc.*, 2021 WL 784805 (E.D. Wash. Mar. 1, 2021) | 2 |
| *See v. City of Seattle*, 387 U.S. 541, 544 (1967) | 1 |
| *Solis v. Forever 21, Inc.*, No. CV 12-09188 MMM (MRWx), 2013 WL 1319769 (C.D. Cal. Mar. 7, 2013) | 8 |
| *United States v. Dynavac, Inc.*, 6 F.3d 1407 (9th Cir. 1993) | 6 |
| *United States v. Gertner*, 65 F.3d 963 (1st Cir. 1995) | 8 |
| *United States v. Golden Valley Electric Association*, 689 F.3d 1108 (9th Cir. 2012) | 5, 10 |
| *United States v. Goldman*, 637 F.2d 664 (9th Cir. 1980) | 6, 8 |
| *United States v. Jose*, 131 F.3d 1325 (9th Cir. 1997) | 8 |
| *United States v. Kis*, 658 F.2d 526 (7th Cir. 1981) | 8 |
| *United States v. LaSalle National Bank*, 437 U.S. 298 (1978) | 8 |
| *United States v. Morton Salt Co.*, 338 U.S. 632 (1950) | 7 |
| *United States v. Powell*, 379 U.S. 48 (1964) | 1, 3, 6, 7, 9 |
| *Wetmore-Tinney v. Hooper*, No. 2:25-CV-00037-SAB, 2025 WL 1617943 (E.D. Wash. May 19, 2025) | 2 |

OPP. MOT. ALTER OR AMEND JUDGMENT  iii
CASE NO. 2:25-MC-00041-JHC *SEALED*

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

## OTHER AUTHORITIES

18 U.S.C. § 3486 ................................................................................................................7

Fed. R. Civ. P. 59 ...............................................................................................................1

Fed. R. Civ. P. 60 ...........................................................................................................1, 2

Steven A. Engel, "Whether the Food and Drug Administration Has Jurisdiction over
    Articles Intended for Use in Lawful Executions," 43 Op. O.L.C. 81 (2019) ...........5

OPP. MOT. ALTER OR AMEND JUDGMENT     iv
CASE NO. 2:25-MC-00041-JHC *SEALED*

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

# INTRODUCTION

DOJ improperly seeks reconsideration of the Court's order setting aside the subpoena. It does so despite meeting none of the standards for this extraordinary remedy. It identifies no new law, no new facts, and no manifest injustice or error. Remarkably, despite its purported focus on "*new*" information, DOJ fails to disclose the only critical development since this Court's order: another federal court set aside a virtually identical DOJ subpoena on the same grounds. *See In re Admin. Subpoena No. 25-1431-019*, 2025 WL 2607784 (D. Mass. Sept. 9, 2025) (setting aside subpoena to Boston Children's Hospital as having improper purpose). This Court properly assessed the Seattle Children's subpoena under *United States v. Powell*, 379 U.S. 48 (1964) and *EEOC v. Children's Hospital Medical Center of Northern California*, 719 F.2d 1426 (9th Cir. 1983) (en banc), and correctly weighed the record evidence. There is no basis for reconsideration.

DOJ's arguments fall far short of the rigorous bar for reconsideration under Rules 59 and 60. Rather than demonstrating manifest legal or factual error, DOJ asks the Court for a do-over. DOJ proposes that the Court reverse itself, disregard the seminal *Powell* test, and rubber stamp the subpoena. But the record firmly supports the Court's finding that the subpoena was issued for an improper purpose. The Fourth Amendment provides protection from "officious intermeddling" by agencies issuing subpoenas "unauthorized by law" or seeking material "irrelevant to any lawful purpose." *Okla. Press Publ'g Co. v. Walling*, 327 U.S. 186, 213 (1946); *see also See v. City of Seattle*, 387 U.S. 541, 544 (1967). DOJ's untimely declaration and improper motion confirm the Court's prior conclusions. The Court should deny DOJ's motion.

# LEGAL STANDARD

Amending a judgment under Rule 59(e) "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (quotation omitted). Rule 59(e) permits amending a judgment only to (1) incorporate "an intervening change in controlling law"; (2) present "newly discovered or *previously unavailable* evidence"; (3) "correct manifest errors of law or fact upon which the judgment is based"; or (4) "prevent manifest injustice." *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016) (quotation omitted)

OPP. MOT. ALTER OR AMEND JUDGMENT        1
CASE NO. 2:25-MC-00041-JHC *SEALED*

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

(emphasis added); *see also* LCR 7(h)(1). Courts have applied the same standard to Rule 60(b) motions for reconsideration. *See Wetmore-Tinney v. Hooper*, 2025 WL 1617943, at *1 (E.D. Wash. May 19, 2025).

"Courts generally disfavor motions for reconsideration" and do not allow them to "be used to present new arguments or evidence that could have been raised earlier." *Sec. Nat'l Ins. Co. v. Constr. Assocs. of Spokane, Inc.*, 2021 WL 784805, at *1 (E.D. Wash. Mar. 1, 2021) (declining to reconsider order setting aside Rule 45 subpoena); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor is mere disagreement with the Court's prior decision enough. *McCarthy v. Amazon.com, Inc.*, 2023 WL 5509258, at *2 (W.D. Wash. Aug. 25, 2023); *see also In re Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proc.*, 286 F. Supp. 3d 1, 12 (D.D.C. 2017) (declining to reconsider order denying motion to compel discovery where there was no clear error or manifest injustice).

## ARGUMENT

DOJ has failed to justify its extraordinary request. DOJ identifies no change in law (factor 1), no new facts (factor 2), and no manifest error (factor 3). And DOJ does not argue manifest injustice (factor 4).

### I. DOJ IDENTIFIES NO CHANGE IN LAW OR NEW FACTS

DOJ presents no law or facts that were previously unavailable. On the law, the only change (omitted by DOJ) is that a Massachusetts district court reached the *same* conclusion as this Court. *See In re Admin. Subpoena*, 2025 WL 2607784, at *7 ("[T]he Government has failed to show proper purpose and, even if it had, [the hospital] has demonstrated that the subpoena was issued for an improper purpose").[1]

On the facts, the only new information is DOJ's public response to the Massachusetts decision, announcing that "this Department of Justice will use every legal and law enforcement

---

[1] DOJ is seeking reconsideration in *In re Administrative Subpoena*, too. *See In re Admin. Subpoena*, 1:25-mc-91324-MJJ, ECF 35 (D. Mass. Oct. 7, 2025).

OPP. MOT. ALTER OR AMEND JUDGMENT    2    CORR CRONIN LLP
CASE NO. 2:25-MC-00041-JHC *SEALED*    1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

tool available to protect innocent children from being mutilated under the guise of 'care.'"[2] This statement confirms that the hospital subpoenas were issued for the purpose of ending such care, the very purpose that this Court and the Massachusetts court found improper.

DOJ attaches a new Hsiao Declaration (Hsiao Reconsideration Decl.) to its reconsideration motion, but that declaration identifies no previously unavailable information. A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). The Court thus should not consider the Declaration. DOJ claims it is submitting the Declaration now because it initially was unaware of the need to provide one. That is not credible. It has been black-letter law and standard practice since *Powell* for the government to submit declarations when seeking to enforce administrative subpoenas. *See F.D.I.C. v. Garner*, 126 F.3d 1138, 1143 (9th Cir. 1997) ("An affidavit from a government official is sufficient to establish a prima facie showing that these requirements have been met."). And the Hospital's motion expressly alerted DOJ that it bore "the initial burden to demonstrate *by affidavit* that it is conducting an investigation for a legitimate purpose and the requested information is relevant to that purpose." Mot. Set Aside 6-7 (emphasis added) (citing *Powell*, 379 U.S. at 57-58). In response, DOJ submitted a patently deficient declaration. It is not entitled to try again now.

The Hsiao Reconsideration Declaration would not change the outcome in any event. The Declaration confirms (at ¶ 3) that the Civil Division's authority is limited to "appropriate investigations of [FDCA violations] relating to the on- or off-label use by manufacturers and distributors of drugs." But the Hospital is not a pharmaceutical manufacturer or distributor, and the Declaration offers no authority to the contrary.

Moreover, although the sale of medicine by manufacturers or distributors for off-label use can implicate the FDCA, the Hsiao Reconsideration Declaration makes no attempt to connect that

---

[2] Solcyré Burga, "Boston Hospital Hails 'Safeguarding' as Judge Blocks Trump Administration's Subpoena of Trans Kids' Medical Records," Time (Sept. 10, 2025), https://tinyurl.com/58mt6h8a.

OPP. MOT. ALTER OR AMEND JUDGMENT  3
CASE NO. 2:25-MC-00041-JHC *SEALED*

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

conduct with the expansive subpoena demands. The Hospital argued in its reply brief that most of the subpoena's requests have no connection to pharmaceutical manufacturers' or distributors' potential FDCA violations. *See* Reply ISO Mot. Set Aside ("Reply") 4. Yet, even in moving for reconsideration, DOJ cannot show a connection. Only *four* (Requests 7-10, 14) of the subpoena's *fifteen* requests refer to pharmaceutical manufacturers. The remaining requests ask for wide swaths of unrelated, sensitive information about Hospital patients and workforce members—for no apparent reason other than to coerce the termination of gender-affirming care. Although the motion (at 10-11) and the Declaration (at ¶¶ 30-45) offer vague speculation about diagnoses, treatment, and a study that a radio host criticized online, they do not assert that the Civil Division has delegated authority to issue subpoenas to investigate such matters, which are beyond the scope of the FDCA. *See* Reply 5. DOJ offers nothing relevant to the supposed subjects it claims to be investigating.

That leaves the Hsiao Reconsideration Declaration's contention (at ¶¶ 3, 8-18, 21) that DOJ is investigating the Hospital's off-label *use* of puberty blockers and hormones. But the Declaration identifies no authority under the FDCA to conduct such an investigation. As the Court already concluded, "DOJ does not contend that providing gender-related care for minors is a federal healthcare offense." Op. 22. The mere use of prescription drugs for off-label purposes likewise *does not violate the FDCA*. Reply 4; FDA, "Understanding Unapproved Use of Approved Drugs 'Off Label,'" (Feb. 5, 2018), https://tinyurl.com/3ss4sz8r. Indeed, DOJ previously admitted that "the FDCA does not generally regulate the practice of medicine," Opp'n Mot. Set Aside 8, which includes off-label use of medicine, *see Buckman Co. v. Plfs.' Legal Comm.*, 531 U.S. 341, 350 (2001) ("'[O]ff-label' usage of medical devices ... is an accepted and necessary corollary of the FDA's mission to regulate in this area without directly interfering with the practice of medicine."). And DOJ just reaffirmed this admission in opposing a motion to quash a subpoena issued to a third children's hospital, stating: "[P]hysicians are permitted to prescribe an FDA-approved drug for an unapproved use." *See* Decl. Lisa K. Hsiao ¶ 12, *In re 2025 UPMC Subpoena*, No. 2:25-mc-

OPP. MOT. ALTER OR AMEND JUDGMENT  4
CASE NO. 2:25-MC-00041-JHC *SEALED*

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

01069-CB, ECF No. 27-1 (W.D. Pa. Oct. 2, 2025).[3]

## II. THERE WAS NO MANIFEST ERROR OF LAW

DOJ asserts the Court improperly overstepped its authority by (1) shifting the burden to DOJ, (2) amplifying that burden, and (3) failing to give DOJ an opportunity to meet it. But the Court's holding is consistent with its "limited role in subpoena enforcement proceedings." *CFPB v. Accrediting Council for Indep. Colls. & Schs.*, 854 F.3d 683, 688 (D.C. Cir. 2017); *see also* Op. 5 ("The scope of the judicial inquiry in an agency subpoena enforcement proceeding is quite narrow." (cleaned up)). The Court also correctly observed that DOJ had only a "light burden" to make its prima facie case, Op. 13, analyzed whether DOJ met that burden (it did not), Op. 14-16, and, then for completeness, analyzed whether the Hospital met its heavier burden of establishing that DOJ issued the subpoena for an improper purpose, Op. 16-23. DOJ's arguments that the Court crafted a new test and disallowed DOJ from addressing it are wrong.

1. DOJ seemingly objects to having to meet any burden. DOJ argues (at 6, 8) it "do[es] not need court approval to issue" subpoenas, asserts "the Court cannot be the arbiter of the Government's decision to launch an investigation," and accuses the Court of "vetoing the Attorney General[]." But DOJ's position—that the Court has no role in enforcing administrative subpoenas—is unfounded. Administrative subpoenas are not self-enforcing. *United States v. Golden Valley Elec. Ass'n*, 689 F.3d 1108, 1116 (9th Cir. 2012) (cited approvingly by DOJ). "[T]he deference courts afford agencies does not eviscerate the independent role which the federal courts play in subpoena enforcement proceedings." *Accrediting Council*, 854 F.3d at 689 (quotation omitted). Rather, as the Court correctly determined, a court must first ask whether DOJ

---

[3] *See also, e.g., Carson v. Depuy Spine, Inc.*, 365 F. App'x 812, 815 (9th Cir. 2010) ("[O]ff-label use by medical professionals is not merely legitimate but important in the practice of medicine."); Steven A. Engel, "Whether the Food and Drug Administration Has Jurisdiction over Articles Intended for Use in Lawful Executions," 43 Op. O.L.C. 81, 85 (2019) ("physicians may, with limited exceptions, prescribe and administer FDA-approved drugs and devices for unapproved uses"); Br. for the U.S. as Intervenor and Amicus, *Penelow v. Janssen Prods., L.P.*, No. 25-1818, ECF 56 at 8 (3d Cir. Aug. 27, 2025) ("Once a drug is approved for one use at one dosage, doctors are free to prescribe it for unapproved uses or at other dosages.").

OPP. MOT. ALTER OR AMEND JUDGMENT 5
CASE NO. 2:25-MC-00041-JHC *SEALED*

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

met its prima facie burden. Op. 5-7; *Powell*, 379 U.S. at 57-58; *see also In re Admin. Subpoena*, 2025 WL 2607784, at *5. And as the Court correctly found here, DOJ did not. Op. 14-16.

2. DOJ next argues the Court placed too high a burden on DOJ and too low a burden on the Hospital. Mot. 7-9. This too is incorrect.

*First*, DOJ wrongly asserts (at 6) that the Court improperly required DOJ "to provide something akin to probable cause." To the contrary, the Court correctly stated that the law requires DOJ only to "make a prima facie showing" that the subpoena meets the *Powell* criteria. Op. 5-7. *Powell* expressly disclaims "any standard of probable cause," but notes that the government "*must show* that the investigation will be conducted pursuant to a *legitimate purpose*." 379 U.S. at 57 (emphases added); *see also, e.g., United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993) ("IRS has the initial burden"); *United States v. Goldman*, 637 F.2d 664, 667 (9th Cir. 1980) (similar).

DOJ claims (at 6) that the Court's discussion of DOJ's purported justifications for the subpoena shows the Court applied a probable cause standard. *See* Op. 20-23. But the Court merely required DOJ to show there was "*some* investigation" within its authority to investigate federal healthcare offenses. Op. 13-15. The Court even considered it a "close question" whether DOJ met its prima facie burden with a conclusory sentence in the original declaration: "The subpoena to Seattle Children's Hospital … was lawfully issued and authorized by Brett A. Shumate … in connection with a valid investigation being conducted in my office." Original Hisao Decl. ¶ 6; Op. 14. Nothing in the Court's opinion suggests it required a probable cause showing.

*Second*, DOJ contends the Court *must* enforce "a procedurally sound subpoena" that the AAG "has authority to sign," regardless of purpose. Mot. 6-8 (quoting *EEOC v. Fed. Express Corp.*, 558 F.3d 842, 851 n.3 (9th Cir. 2009)). DOJ's excerpt (at 7) of a footnoted parenthetical from *Federal Express*, however, is incomplete. *Federal Express* also provides that courts will not enforce administrative subpoenas if "the evidence sought by the subpoena is plainly incompetent or irrelevant *to any lawful purpose of the agency*." *Fed. Express*, 558 F.3d at 854 (quotation omitted) (emphases added). Whether DOJ had a lawful purpose is the question the Court

OPP. MOT. ALTER OR AMEND JUDGMENT     6
CASE NO. 2:25-MC-00041-JHC *SEALED*

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

appropriately asked here. Op. 14.

*Third*, DOJ incorrectly criticizes (at 8) the Court's statement that DOJ's burden in this case is "slightly heavier" than the IRS's in *Powell*. Op. 14. The Court was right to look at the authorizing statute, 18 U.S.C. § 3486(a)(1)(A)(i)(I), in considering whether the subpoena was within DOJ's statutory authority. Op. 12, 14; *see EPA v. Alyeska Pipeline Serv. Co.*, 836 F.2d 443, 447 (9th Cir. 1988) (comparing scope of EPA's and EEOC's respective statutory subpoena authority in assessing whether EPA subpoena was issued for improper purpose), *abrogated on other grounds in McLane Co., Inc. v. EEOC*, 581 U.S. 72 (2017). The Court's conclusion that § 3486(a)(1)(A)(i)(I)—which authorizes investigations only of federal healthcare offenses—is narrower than the IRS statute in *Powell*, and thus offers DOJ slightly less room to investigate, applies the same logic. *See Peters v. United States*, 853 F.2d 692, 696 (9th Cir. 1988) ("The authority of an administrative agency to issue subpoenas for investigatory purposes is created solely by statute"). In any event, this conclusion was not dispositive to the Court's holding.

*Fourth*, DOJ misreads (at 7) the Court's opinion as applying a balancing test. The single paragraph DOJ cites for this assertion, Op. 23-34, simply recognizes the Supreme Court's admonition that agencies do not have unfettered authority to issue administrative subpoenas without considering Fourth Amendment protections. *See Okla. Press*, 327 U.S. at 213.

*Fifth*, DOJ argues (at 8-9) the Court committed manifest error in concluding that DOJ could show no more than an "idle hope" of turning something up because, according to DOJ, that is it all it needs. DOJ emphasizes the Supreme Court's statement in *Morton Salt* that the government "can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *United States v. Morton Salt Co.*, 338 U.S. 632, 642-43 (1950). But as this Court recognized, Op. 10-11, that statement cannot be read in a vacuum. The Supreme Court's subsequent decision in *Powell* explains that a subpoena can and should be set aside if issued for an *improper* purpose. 379 U.S. at 57-58. The Court was correct in finding that the fishing-expedition nature of this subpoena bolsters the other evidence of improper purpose—it supports the conclusion that the subpoena was not issued to assure DOJ that no violation has occurred, but

OPP. MOT. ALTER OR AMEND JUDGMENT   7
CASE NO. 2:25-MC-00041-JHC *SEALED*

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

to coerce the Hospital into terminating gender-affirming care. *See Peters*, 853 F.2d at 700 (no "fishing expedition[s]"); *see also* Op. 12-13 (quoting *Fed. Trade Comm'n v. Am. Tobacco Co.*, 264 U.S. 298, 306 (1924) ("It is contrary to the first principles of justice to allow a search through all of a party's records, relevant or irrelevant, in the hope that something will turn up." (cleaned up))).

DOJ's arguments (at 8-9) about the Court's reliance on *Goldman* and *In re Sealed Case (Admin. Subpoena)*, 42 F.3d 1412 (D.C. Cir. 1994), are also unavailing. Those cases stand for the unremarkable proposition that a subpoena should be set aside if the government cannot articulate how its demands are relevant to a statutorily authorized investigation. *See Goldman*, 637 F.2d at 667 (government "had every chance to make the minimal showing" required); *In re Sealed Case*, 42 F.3d at 1418 ("[I]n the absence of specific authority in its enabling statute, the [agency] cannot rely on its broad investigatory power to pursue 'other wrongdoing, as yet unknown.'"). DOJ failed to make this showing here.

*Sixth*, DOJ incorrectly faults the Court for minimizing the Hospital's "heavy" burden to establish an improper purpose. DOJ contends (at 7-8) the preponderance-of-the-evidence standard is insufficient. As the Court recognized, however, many other courts have applied that standard. Op. 18; *see also United States v. Gertner*, 65 F.3d 963, 970 (1st Cir. 1995); *United States v. Kis*, 658 F.2d 526, 540 (7th Cir. 1981); *Solis v. Forever 21, Inc.*, 2013 WL 1319769, at *6 (C.D. Cal. Mar. 7, 2013) (cited approvingly by DOJ). DOJ asserts (at 8) that *United States v. LaSalle National Bank*, 437 U.S. 298, 316 (1978), describes the movant's burden as "heavy" and requires a higher standard than preponderance. But *LaSalle* merely commented on the difficulties a movant typically faces in establishing improper purpose—it did not change the evidentiary standard. *Id.* at 316-17. Those difficulties were not present here, given the record before the Court.

Moreover, DOJ does not identify any alternative standard. It cites no case imposing an evidentiary burden higher than preponderance. The Ninth Circuit has said that, to meet its burden, a subpoena recipient "must allege specific facts and evidence to support [its] allegations of bad faith or improper purpose." *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997) (quotation

OPP. MOT. ALTER OR AMEND JUDGMENT 8
CASE NO. 2:25-MC-00041-JHC *SEALED*

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

omitted); *see also Garner*, 126 F.3d at 1146 (requirement to "present … specific evidence of improper intent"). This is consistent with a preponderance standard. However the standard is labeled, the Hospital here submitted the exact type of evidence called for in *Jose, Garner,* and other cases and has met the burden. Op. 21 ("Seattle Children's presents significant evidence that the DOJ issued the subpoena to pressure hospitals into ending gender-related care for minors.").[4]

DOJ contends (at 6) it is aware of "no case" finding a subpoena recipient to meet its burden in circumstances like these, but that simply reflects the unprecedented nature of DOJ's subpoenas seeking to end state-authorized healthcare. It also ignores the Massachusetts court's identical ruling discussed above.

3. Finally, because DOJ cannot show the Court applied a "new" standard, the Court should reject DOJ's improper and untimely attempt to supplement the record on the pretext that it was unaware it needed to proffer evidence. Mot. 9-10. DOJ knew that courts often look to affidavits or declarations of the investigating officials in assessing an administrative subpoena's purpose. *See, e.g., Powell*, 379 U.S. at 49-50 ("the agent filed an affidavit"); *Garner*, 126 F.3d at 1141 (declaration "provid[ing] the factual basis and rationale for the FDIC's requests"); *supra* p.5. DOJ's citation to *FTC v. Gallo*, 1973 WL 873 (D.D.C. Oct. 9, 1973), does not help. DOJ could have asked the Court for an evidentiary hearing or an opportunity to submit additional evidence. DOJ did not do so. In fact, it opposed a hearing. Op. 24 n.9; Opp'n Mot. Set Aside 5 n.3.

### III. THERE WAS NO MANIFEST ERROR OF FACT

To establish a manifest error of fact, DOJ must show the Court's decision was "more than just maybe or probably wrong; it must be dead wrong." *McCarthy*, 2023 WL 5509258, at *4 (quotation omitted). DOJ contends that the Court manifestly erred (1) in finding that "the Attorney General is not conducting an investigation of federal health care offenses at [the Hospital]" and (2) in "discounting the Attorney General's stated purpose in conducting a lawful investigation."

---

[4] DOJ thrice protests that the Hospital cannot be allowed to meet its burden "in its opening brief." Mot. 7-8. It is unclear what DOJ means. The Hospital submitted substantial record evidence with its brief.

OPP. MOT. ALTER OR AMEND JUDGMENT 9
CASE NO. 2:25-MC-00041-JHC *SEALED*

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

Mot. 1-2. Both amount to the same question: Did the record support the Court's finding that DOJ's purpose was not to investigate federal healthcare offenses, but to end gender-affirming care for minors? It did, and DOJ cannot show otherwise, much less manifest error.

*First*, DOJ faults the Court (at 3-5) for supposedly ignoring the Bondi and Shumate Memos that DOJ now claims are evidence of a valid investigation. *But DOJ never cited those documents in opposition to the motion to set aside, let alone argued that they established the validity of the investigation.* The *only* document DOJ cited was the bare-bones Original Hsiao Declaration. *See* Opp'n Mot. Set Aside 3 n.2. DOJ cannot fairly criticize the Court for failing to consider arguments DOJ never made.[5] In any event, this Court considered those Memos (which the Hospital submitted) and correctly concluded that they showed the subpoena was issued for an improper purpose. *See* Op. 2-4, 8, 21.[6] The Massachusetts district court agreed. *See In re Admin. Subpoena*, 2025 WL 2607784, at *6. "A motion for reconsideration is not the time to ask the court to 'rethink what it has already thought through.'" *Garrott v. Andrewjeski*, 2012 WL 3643806, at *1 (E.D. Wash. Aug. 23, 2012) (citation omitted).

*Second*, the record more than amply supports the Court's finding that the subpoena was issued improperly to "further [the administration's] broader goal of ending 'gender-affirming treatment' in Washington State." Op. 14-15, 19. Relying on evidence submitted by the Hospital, the Court found that DOJ issued the subpoena without "any specific information or allegations of unlawful activity." Op. 19. Nothing in the record refuted that. The record instead contains "[n]umerous statements by the Administration, executive orders, and memorand[a], detail[ing] the Administration's goal of ending" gender-affirming care. *In re Admin. Subpoena*, 2025 WL 2607784, at *6; Op. 21. Moreover, the vast disconnect between the documents DOJ requested and the FDCA offenses it claims to be investigating further suggests the subpoena is pretext for an

---

[5] For the same reason, DOJ's related claim (at 13) that the Court failed to consider the presumption of regularity also fails; DOJ never made that argument before.

[6] As the Court observed, *Golden Valley* does not dictate a contrary result. Op. 14-15. The DEA there filed an affidavit specifically describing the need for the records requested, while the Original Hsiao Declaration did no such thing.

improper purpose. All this evidence combined to support the Court's improper purpose finding. DOJ's public statement in response to the Massachusetts district court's ruling provides further support for this Court's conclusions. *See supra* pp.2-3 & n.2.

In asking the Court to reconsider and change its factual findings, DOJ instead reinforces them. DOJ now concedes that "the Executive Branch has a policy goal of ending gender-related pharmaceutical and surgical treatment of minors" and that AAG Shumate "issued the administrative subpoena in question" in accordance with the directives announcing that policy. Mot. 4, 11. While DOJ purports (at 12-13) to have other reasons for issuing the subpoena, the Court did not "clearly" or "manifestly" err by finding that its actual purpose was to end gender-affirming care. *See McDowell*, 197 F.3d at 1256 (If question is "a debatable one, the district court did not commit clear error."); *see also In re Admin. Subpoena*, 2025 WL 2607784, at *6.

DOJ further contends that "the Attorney General personally ordered" the Civil Division to "undertake appropriate investigations of any violations of the [FDCA] by manufacturers and distributors engaged in misbranding [of puberty blockers and sex hormones]." Mot. 3-4, 11-12. But, again, DOJ has not shown that this subpoena seeks documents relevant to such an investigation. DOJ essentially argues that because AG Bondi issued instructions to conduct "appropriate" investigations, DOJ can issue any subpoena, to any entity, for any documents, for any reason, with impunity. The Fourth Amendment offers more protection than that. Op. 5; Mot. Set Aside 10-11. "This logic, if followed, would preclude any form of judicial review as the Government's self-proclaimed say-so would always be sufficient to defeat a motion to quash. This is no logic at all." *In re Admin. Subpoena*, 2025 WL 2607784, at *5.

*Finally*, DOJ incorrectly argues that the Court erred by considering that other healthcare entities ended their gender-affirming care programs in the wake of the administration's actions. Mot. 12-13. DOJ questions "why other entities' choices to change their practices ... shed any light whatsoever on the enforceability of this subpoena." Mot. 13 (emphasis omitted). The Court answered that question: after hospitals suspended these programs, the administration boasted that its directives were "having [their] intended effect." Op. 21 (quotation omitted). Again, the

OPP. MOT. ALTER OR AMEND JUDGMENT 11
CASE NO. 2:25-MC-00041-JHC *SEALED*

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

administration announced the improper purpose out loud.

## CONCLUSION

The Hospital respectfully asks the Court to deny the Government's Motion to Alter or Amend the Judgment.

RESPECTFULLY SUBMITTED this 16th day of October 2025. I certify that this memorandum contains 4,199 words, in compliance with Local Civil Rules.

By: /s/ Jeffrey Coopersmith
Jeffrey Coopersmith
Steven Fogg
**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104
Tel.: (206) 625-8600
Fax: (206) 625-0900
jcoopersmith@corrcronin.com
sfogg@corrcronin.com

David M. Zinn*
Christopher N. Manning*
Jennifer G. Wicht*
Amy M. Saharia*
Patrick C. Hynds*
Dana B. Kinel*
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, S.W.
Washington, D.C. 20024
Tel.: (202) 434-5000
Fax: (202) 434-5029
dzinn@wc.com
cmanning@wc.com
jwicht@wc.com
asaharia@wc.com
phynds@wc.com
dkinel@wc.com

*admitted pro hac vice*

*Attorneys for Movant Seattle Children's Hospital*

OPP. MOT. ALTER OR AMEND JUDGMENT
CASE NO. 2:25-MC-00041-JHC *SEALED*

12

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(d) and Local Civil Rule 5, I hereby certify that on this 16th day of October 2025, the foregoing was served via electronic mail on the following individuals, who have consented to electronic service:

**Jordan C. Campbell**
**Patrick R. Runkle**
**Ross Goldstein**
**Francisco Unger**
**Scott Dahlquist**
Consumer Protection Branch
United States Department of Justice
Civil Division
950 Pennsylvania Ave. NW
Washington, DC 20530
Jordan.C.Campbell@usdoj.gov
Patrick.R.Runkle@usdoj.gov
Ross.Goldstein@usdoj.gov
Francisco.L.Unger@usdoj.gov
Scott.B.Dahlquist@usdoj.gov

Dated: October 16, 2025

_____
Jeffrey Coopersmith

OPP. MOT. ALTER OR AMEND JUDGMENT
CASE NO. 2:25-MC-00041-JHC *SEALED*

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600