FILED —— ENTERED
LODGED —— RECEIVED

DEC 10 2025    RE

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

The Honorable John H. Chun

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| IN RE SUBPOENA DUCES TECUM NO. 25-1431-016 | Case No. 2:25-MC-00041-JHC *SEALED* |
| | SEATTLE CHILDREN'S HOSPITAL'S MOTION TO UNSEAL DOCKET |
| | NOTE ON MOTION CALENDAR December 10, 2025 |
| | FILED UNDER SEAL |

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

Pursuant to Local Civil Rule 5, and in light of DOJ's expedited appeal of the judgment in *QueerDoc, PLLC v. U.S. Department of Justice*, No. 2:25-mc-42 (W.D. Wash. Oct. 27, 2025), Dkt. 27, *appeal filed*, No. 25-7384 (9th Cir.), which set aside a subpoena that is virtually identical to the one at issue here, Seattle Children's Hospital respectfully moves the Court for an order unsealing the docket in this case. While DOJ previously opposed sealing the docket in this case, *see* Gov't Opp'n Mot. Seal, DOJ has indicated that it takes no position on this request.

Since Seattle Children's moved to seal these proceedings, there have been several important developments that justify unsealing the docket at this time. *First*, four district courts—including, significantly, another judge in this District—have unsealed proceedings related to the subpoenas that DOJ has issued to providers of gender-affirming care. *See, e.g.*, *In re Admin. Subpoena No. 25-1431-019*, No. 1:25-mc-91324 (D. Mass.) (Boston Children's Hospital); *In re Subpoena No. 25-1431-014*, No. 2:25-mc-39 (E.D. Pa.) (Children's Hospital of Philadelphia); *In re Dep't of Just. Admin. Subpoena No. 25-1431-030*, 1:25-mc-63 (D. Colo.) (Children's Hospital of Colorado); *QueerDoc, PLLC v. U.S. Department of Justice*, No. 2:25-mc-42 (W.D. Wash.) (QueerDoc PLLC). Three of those courts (D. Mass., E.D. Pa., and W.D. Wash.) granted motions to set aside the subpoenas (or, in one case, a motion to limit the subpoena); the motion to set aside in the District of Colorado remains pending.

*Second*, DOJ has appealed to the Ninth Circuit from the ruling by another judge of this District setting aside the subpoena in *QueerDoc, PLLC v. U.S. Department of Justice*. DOJ served the Seattle Children's and QueerDoc subpoenas on the same day, seeking the same documents, as part of the same investigation. *Compare* Ex. 1 to 7/8/25 Decl. of Christopher N. Manning, Esq., *with QueerDoc*, No. 2:25-mc-42 (W.D. Wash. July 8, 2025), Dkt. 1-1, Ex. 3. In the *QueerDoc* case, as in this one, the district court set aside the subpoena due to its improper purpose. *See* 9/3/25 Order Granting Mots. To Set Aside & To Seal Docket at 24 (finding "strong evidence suggesting that the subpoena was issued for an improper purpose"); *QueerDoc*, No. 2:25-mc-42 (W.D. Wash. Oct. 27, 2025), Dkt. 27 at 13 (same). The *QueerDoc* litigation is no longer sealed, however, and DOJ has taken materially different approaches to the two set-aside orders. On October 1, 2025,

MOT. TO UNSEAL DOCKET                    1
CASE NO. 2:25-MC-00041-JHC *SEALED*

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

1   DOJ moved for reconsideration of the Court's set-aside order in this case, and that motion remains

2   pending. In contrast, in *QueerDoc*, DOJ appealed without seeking reconsideration and moved to

3   expedite its appeal in the Ninth Circuit. That motion has been granted and, as a result, briefing for

4   DOJ's appeal will be completed before the end of January 2026. *QueerDoc*, No. 25-7384 (9th Cir.

5   Dec. 4, 2025), Dkt. 21. That appeal is also proceeding publicly.[1]

6       Absent unsealing in this case, therefore, the Ninth Circuit will be unaware of the Seattle

7   Children's subpoena, these proceedings, and the order in this case, when it considers DOJ's appeal

8   in *QueerDoc*. Similarly, QueerDoc will lack access to, and be unable to cite, the ruling in this case.

9   The Ninth Circuit also will be unable to consider whether the two cases should be consolidated for

10  purposes of oral argument before the same appellate panel, even though both cases are in the same

11  circuit and present substantially similar issues based on virtually identical subpoenas. And Seattle

12  Children's will be unable to participate fully in the *QueerDoc* appeal as amicus if these

13  proceedings remain under seal.

14      *Finally*, because of the way these proceedings have developed, unsealing the docket would

15  not identify specific Seattle Children's patients, family members, or workforce members, but it

16  would enable Seattle Children's to vigorously advocate for their respective interests in connection

17  with the *QueerDoc* appeal.[2]

18      In light of the changed circumstances, and to ensure that Seattle Children's can best

19  continue to protect its interests and those of its patients, their families, and workforce members

20  before the Ninth Circuit, Seattle Children's respectfully requests that the Court unseal the docket

21  at this time.

22  ─────────────────

23  [1] DOJ has likewise appealed the set-aside order in the proceedings involving Boston Children's. Absent extension, briefing in that appeal will be complete by early March 2026. *The Children's Hospital Corp. v. U.S. Dep't of Just.*, No. 25-2092 (1st Cir. Dec. 3, 2025). That appeal is also proceeding publicly.

24

25  [2] While a hospital executive submitted a declaration in support of the Hospital's motions in this case, the executive already has been identified in public litigation regarding the administration's executive orders. *See, e.g., Washington v. Trump*, No. 2:25-cv-244 (W.D. Wash. Feb. 7, 2025), Dkt. 116.

26

27

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

1    Courts considering a motion to seal or unseal weigh the benefits of disclosure against the

2    costs. *Times Mirror Co. v. United States*, 873 F.2d 1210, 1213 (9th Cir. 1989). When the

3    circumstances concerning sealing change, courts may "reconsider the appropriateness of continued

4    sealing." *See Crowe v. Cnty. of San Diego*, 210 F. Supp. 2d 1189, 1201 (S.D. Cal. 2002); *see also*

5    *Reyes v. Freebery*, 192 F. App'x 120, 125 (3d Cir. 2006) ("even if the initial sealing was justified,

6    when there is a subsequent motion to remove such a seal, the district court should closely examine

7    whether circumstances have changed" (cleaned up)). For the reasons discussed above, the current

8    circumstances render unsealing appropriate at this time.

9    RESPECTFULLY SUBMITTED this 10th day of December 2025. I certify that this

10   memorandum contains 886 words, in compliance with Local Civil Rules.

11

12

13   By: _____

14   Jeffrey Coopersmith
     Steven Fogg
15   **CORR CRONIN LLP**
     1015 Second Avenue, Floor 10
16   Seattle, Washington 98104
     Tel.: (206) 625-8600
17   Fax: (206) 625-0900
     jcoopersmith@corrcronin.com
18   sfogg@corrcronin.com

19   David M. Zinn*
     Christopher N. Manning*
20   Jennifer G. Wicht*
     Amy M. Saharia*
21   Patrick C. Hynds*
     Dana B. Kinel*
22   **WILLIAMS & CONNOLLY LLP**
23   680 Maine Avenue, S.W.
     Washington, D.C. 20024
24   Tel.: (202) 434-5000
     Fax: (202) 434-5029
25   dzinn@wc.com
     cmanning@wc.com
26   jwicht@wc.com
     asaharia@wc.com
27

MOT. TO UNSEAL DOCKET          3
CASE NO. 2:25-MC-00041-JHC *SEALED*

**CORR CRONIN LLP**
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

phynds@wc.com
dkinel@wc.com

*admitted pro hac vice*

*Attorneys for Movant Seattle Children's Hospital*

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600

1

## **CERTIFICATE OF SERVICE**

2

3      Pursuant to Federal Rule of Civil Procedure 5(d) and Local Civil Rule 5, I hereby certify

4 that on this 10th day of December 2025, the foregoing was served via electronic mail on the

5 following individuals, who have consented to electronic service:

6 **Jordan C. Campbell**
  **Patrick R. Runkle**

7 **Ross Goldstein**
  **Francisco Unger**

8 **Scott Dahlquist**
  Consumer Protection Branch

9 United States Department of Justice
  Civil Division

10 950 Pennsylvania Ave. NW
   Washington, DC 20530

11 Jordan.C.Campbell@usdoj.gov
   Patrick.R.Runkle@usdoj.gov

12 Ross.Goldstein@usdoj.gov
   Francisco.L.Unger@usdoj.gov

13 Scott.B.Dahlquist@usdoj.gov

14

15

16  Dated: December 10, 2025

17                                                        Jeffrey Coopersmith

18

19

20

21

22

23

24

25

26

MOT. TO UNSEAL DOCKET
CASE NO. 2:25-MC-00041-JHC *SEALED*

CORR CRONIN LLP
1015 Second Avenue, Fl. 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600